IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| KRISTEEN BROOKE ADAMS | § § § | |
| V. | § § | No. 5:24-cv-00075-RWS-JBB |
| FRANKLIN COUNTY, ET AL. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On May 21, 2024, Plaintiff Kristeen Brooke Adams ("Plaintiff"), proceeding *pro se*, filed a form Complaint for Violation of Civil Rights (Non-Prisoner Complaint) against Franklin County, Sheriff Ricky Jones/Franklin County Sheriff's Department, Landon Ramsey/Franklin County Attorney Office, and Judge Scott Lee/Franklin County Court of Law ("Defendants"). Plaintiff also filed a short form (AO 240) application to proceed in district court without prepaying fees or costs. The case was referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636.

By Order dated June 12, 2024, the Court granted Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Short Form). Dkt. No. 5. However, before ordering the Clerk of the Court to issue the Summonses, the Court noted that Plaintiff's complaint failed to provide an address for one of the defendants, Franklin County.[1] *Id.* at 2. Explaining it is Plaintiff's responsibility to find the correct and complete address for each defendant and to provide that information to the Court so that the Clerk of the Court may issue and the United States Marshal may serve process upon Defendants, the Court ordered Plaintiff to provide, within twenty days

---

[1] The original complaint provides addresses for the following defendants: (1) Sheriff Ricky Jones/Franklin County Sheriff's Department, (2) Landon Ramsey/Franklin County Attorney Office, and (3) Judge Scott Lee/Franklin County Court of Law.

from the date of receipt of the Order, a physical address for Franklin County. The Court advised that the United States Marshal could then serve the Summonses and Complaint based on the information provided to the Court. Plaintiff was further advised that failure to provide the correct address for service of process within the time prescribed might result in a dismissal of Plaintiff's cause of action against Franklin County without prejudice. *Id.* at 3.

On June 15, 2024, Plaintiff acknowledged receipt of the June 12 Order. Dkt. No. 6. Having received no address from Plaintiff, the Court entered an order on July 12, 2024, allowing Plaintiff one last opportunity in which to provide the correct address for Franklin County for service of process before recommending Plaintiff's case against Franklin County be dismissed without prejudice.[2] Dkt. No. 7 at 2. Again, Plaintiff was advised that failure to provide the correct address for Franklin County for service of process within the time prescribed would result in a recommendation that Plaintiff's above-referenced cause of action against Franklin County be dismissed without prejudice. *Id.* at 3. Plaintiff acknowledged receipt of the July 12 Order on July 16, 2024. Dkt. No. 9.

Instead of providing the correct address as ordered, the Court received, on July 16, 2024, a motion for appointment of counsel. Dkt. No. 8. The Court denied the motion on July 26, 2024. Dkt. No. 10.

As of this date, Plaintiff has failed to provide the Court the correct and complete addresses for Franklin County. Thus, more than ninety days have passed from the filing of Plaintiff's complaint on May 21, 2024, and Defendants have not yet been served.

Rule 4 of the Federal Rules of Civil Procedure provides as follows:

If a defendant is not served within 90 days after the complaint is filed, the court –
on motion or on its own after notice to the plaintiff - must dismiss the action without

---

[2] The Court noted it was waiting to order summonses be issued as to the remaining defendants so that the United States Marshal can serve all defendants at the same time. Dkt. No. 7 at 2, n. 2.

> prejudice against that defendant or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Taylor v. Jones*, No. CV 22-5210, 2024 WL 1867190, at *1 (W.D. La. Apr. 12, 2024), *report and recommendation adopted*, No. 6:22-CV-5210, 2024 WL 1864686 (W.D. La. Apr. 29, 2024) (quoting *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). "The plaintiff must provide some showing of good faith and some reasonable basis for noncompliance with the court's deadline. The plaintiff should also show due diligence in attempting to perfect service." *Id*. (quoting *Epley v. Luong*, 2023 WL 8595674, at *2 (5th Cir. Dec. 12, 2023) (internal quotation marks and quoted sources omitted in *Taylor*)). "A litigant's *pro se* status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." *Id.* at *2 (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013)).

Plaintiff has failed to demonstrate good cause or excusable neglect for her continued failure to provide an address for Franklin County for service of process as ordered by the Court. Despite having been repeatedly warned that a failure to provide a correct address for service of process could result in the dismissal of this action against Franklin County, Plaintiff has made no apparent effort to locate the address for this defendant.

The undersigned recommends the Court dismiss Plaintiff's above lawsuit against Franklin County without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service of process.[3] *See Todrick Morris v. Jonathan Hyatt, et al.*, 6:23-CV-115-JDK-JDL, 2024

---

[3] Plaintiff has also failed to comply with the Court's June 12 and July 12 Orders and has thus failed to prosecute her case. *See Obin v. Texas Dep't of Just.*, No. 6:22-CV-00315-JCB, 2023 WL 6985731, at *2 (E.D. Tex. Aug. 24, 2023),

WL 2264395, at *3 (E.D. Tex. Jan. 2, 2024), *report and recommendation adopted sub nom.*, 2024 WL 2263695 (E.D. Tex. May 17, 2024). Accordingly, it is

**RECOMMENDED** that Plaintiff's above-referenced cause of action against Franklin County be **DISMISSED WITHOUT PREJUDICE** for failure to effect service of process.

Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

### NOTICE TO *PRO SE* PLAINTIFF

Ms. Adams, I have given you multiple chances to provide the correct address for Franklin County, yet you have not done so. The rules require that I recommend your case against

---

*report and recommendation adopted sub nom.*, 2023 WL 6984557 (E.D. Tex. Oct. 23, 2023). A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *see also* FED. R. CIV. P. 41(b).

Franklin County be dismissed without prejudice to refiling. However, you will have 14 days to object to my recommendation. If you can provide the addresses or show you have been diligently trying to provide the address, please do so during the 14-day objection period.

In the meantime, I will enter an order instructing the Clerk of the Court to issue Summonses so that the U.S. Marshal can serve the remaining defendants (Sheriff Ricky Jones/Franklin County Sheriff's Department, (2) Landon Ramsey/Franklin County Attorney Office, and (3) Judge Scott Lee/Franklin County Court of Law).

SIGNED this the 22nd day of August, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE