UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| KRISTEEN BROOKE ADAMS | § § | |
| V. | § § | No. 5:24-cv-00075-RWS-JBB |
| FRANKLIN COUNTY, ET AL. | § | |

**ORDER**

The above-entitled and numbered civil action was heretofore referred to the United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636. The August 22, 2024 Report and Recommendation of the Magistrate Judge (Docket No. 12) has been presented for consideration.

Plaintiff Kristeen Brooke Adams ("Plaintiff"), proceeding *pro se*, filed a form Complaint for Violation of Civil Rights (Non-Prisoner Complaint) against Franklin County, Sheriff Ricky Jones/Franklin County Sheriff's Department, Landon Ramsey/Franklin County Attorney Office, and Judge Scott Lee/Franklin County Court of Law ("Defendants"). Docket No. 1. On June 12, 2024, the Court granted Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Short Form). Docket No. 5. However, before ordering the Clerk of the Court to issue the Summonses, the Court noted that Plaintiff's complaint failed to provide an address for one of the defendants, Franklin County.[1] *Id.* at 2. Explaining it is Plaintiff's responsibility to find the correct and complete address for each defendant and to provide that information to the Court so that the Clerk of the Court may issue and the United States Marshal may serve process upon Defendants, the Court ordered Plaintiff to provide a physical address for Franklin County. *Id.* The Court advised that the United States Marshal could then serve the Summonses and Complaint

---

[1] The original complaint provided addresses for Sheriff Ricky Jones/Franklin County Sheriff's Department; Landon Ramsey/Franklin County Attorney Office; and Judge Scott Lee/Franklin County Court of Law.

based on the information provided to the Court. *Id.* Plaintiff was further advised that failure to provide the correct address for service of process within the time prescribed might result in a dismissal of Plaintiff's cause of action against Franklin County without prejudice. *Id.* at 3.

Having received no address from Plaintiff, the Court entered an order on July 12, 2024, allowing Plaintiff one last opportunity in which to provide the correct address for Franklin County for service of process before recommending Plaintiff's case against Franklin County be dismissed without prejudice.[2] Docket No. 7 at 2. Plaintiff was advised that failure to provide the correct address for Franklin County for service of process within the time prescribed would result in a recommendation that Plaintiff's above-referenced cause of action against Franklin County be dismissed without prejudice. *Id.* at 3.

Instead of providing the correct address as ordered, the Court received, on July 16, 2024, a motion for appointment of counsel.[3] Docket No. 8. Because Plaintiff failed to provide the Court the addresses for Franklin County, more than ninety days passed from the filing of Plaintiff's complaint without any of the defendants being served.

Therefore, on August 22, 2024, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending the Court dismiss Plaintiff's above lawsuit against Franklin County without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect service of process. Docket No. 12 at 3; *id.* at 3–4, n.3 (further noting Plaintiff had also failed to comply with the Court's June 12 and July 12 Orders and had thus failed to prosecute her case against Franklin County). The Magistrate Judge ordered that any objections to the R&R must be

---

[2] The Court noted it was waiting to order summonses be issued as to the remaining defendants so that the United States Marshal can serve all defendants at the same time. Docket No. 7 at 2, n.2.

[3] The Court denied the motion for appointment of counsel on July 26, 2024. Docket No. 10.

filed within fourteen days of receipt of the R&R. *Id*. at 4. The Magistrate Judge further noted a party's failure to file specific, written objections to the recommendations contained in the R&R would bar that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Id.*

In a "Notice to *Pro Se* Plaintiff" at the end of the R&R, the Magistrate Judge advised Plaintiff that if she could provide the address for Franklin County, or show she has been diligently trying to provide the address, she could do so within the 14-day objection period; however, the rules require that the Magistrate Judge must recommend Plaintiff's case—as against Franklin County only—be dismissed without prejudice to refiling based on Plaintiff's failure to provide the correct address for Franklin County for service of process as ordered by the Court on multiple occasions. *Id.* at 4–5. The Magistrate Judge further advised Plaintiff that he would separately be ordering the Clerk of the Court to issue summonses so that the U.S. Marshal could serve the remaining defendants in this case (Sheriff Ricky Jones/Franklin County Sheriff's Department, (2) Landon Ramsey/Franklin County Attorney Office, and (3) Judge Scott Lee/Franklin County Court of Law). *Id.* at 5.

On August 30, 2024, Plaintiff filed a "Motion for Reconsideration," asserting as follows:

> I . . . have lost transportation, employment, and ability to support myself financially due to Franklin County fraudulent abuse of power and the legal system. I have lost ability to meet my responsibilities. I depend upon others to help me meet my needs with appointments. . . . I am throwing myself upon the mercy of the court to reconsider of my amended complaint I am filing [sic] at this time. I have not received all mail and have filed [sic] complaints multiple times with the U.S.P.S., most recent filing [sic] was July 2024. I do not have the $ to submit to court and denied copies of original when I file[.] thank you for your consideration[.]

3

Docket No. 14 at 1. Rather than specifically object to any findings or recommendations contained in the R&R, Plaintiff attached to her motion an Amended Complaint listing only Franklin County Sheriff's Department, Franklin County Attorney, and Franklin County Judge as defendants, the three defendants which are in the process of being served without cost to Plaintiff. *Id.*

Plaintiff does not identify any deficiency in the R&R nor lodge any objections (much less specific objections) to the findings and conclusions contained therein. Thus, the Court does not construe Plaintiff's motion for reconsideration as objections to the R&R; rather, the Court construes the motion as Plaintiff's request for leave to file her attached Amended Complaint.

Because no specific, written objections have been filed to the R&R, any aggrieved party is barred from *de novo* review of the proposed findings and recommendations of the Magistrate Judge. *See Duarte v. City of Lewisville, Texas*, 858 F.3d 348, 352 (5th Cir. 2017); *Arriaga v. Laxminarayan*, Case No. 4:21-CV-00203- RAS, 2021 WL 3287683, at *1 (E.D. Tex. July 31, 2021). The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See Martin v. Driskell,* No. 6:19-CV-311-JDK-KNM, 2023 WL 5827586, at *1 (E.D. Tex. Sept. 7, 2023) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

Plaintiff's motion (Docket No. 14) is therefore granted to the extent Plaintiff is granted leave to amend her complaint. Because the United States Marshal has not yet served the remaining defendants, the Court is ordering the Clerk of the Court to reissue Summonses so that the United

States Marshal can serve Summonses and the Amended Complaint as to the remaining defendants. Accordingly, it is hereby

**ORDERED** that the Report and Recommendation of the Magistrate Judge (Docket No. 12) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Plaintiff's above-referenced cause of action against Franklin County is **DISMISSED WITHOUT PREJUDICE** for failure to effect service of process under Federal Rule of Civil Procedure 4(m). It is further

**ORDERED** that the Clerk of the Court shall file Plaintiff's Amended Complaint (Docket No. 14-1). It is further

**ORDERED** that the Clerk of the Court shall reissue Summonses so that the United States Marshal can serve Summonses and the Amended Complaint as to the remaining defendants: Sheriff Ricky Jones/Franklin County Sheriff's Department, (2) Landon Ramsey/Franklin County Attorney Office, and (3) Judge Scott Lee/Franklin County Court of Law, without cost to Plaintiff.

**So ORDERED and SIGNED this 9th day of September, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE