IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| KRISTEEN BROOKE ADAMS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 5:24-CV-75-RWS-JBB |
| FRANKLIN COUNTY, *et al.*, | § § § | |
| Defendants. | § § | |

## ORDER

The above-captioned action was referred to United States Magistrate Judge J. Boone Baxter pursuant to 28 U.S.C. § 636. On September 26, 2025, the Magistrate Judge issued a report and recommendation, recommending Defendants Judge Scott Lee, Landon Ramsay and Sheriff Ricky Jones's Motion for Summary Judgment Addressing Plaintiff's Official Capacity Claims (Docket No. 78) be granted and that Plaintiff Kristeen Adams's claims against Defendants in their official capacities be dismissed with prejudice. Docket No. 87 at 12. The Magistrate Judge also recommended that final judgment be entered, dismissing the above-captioned case with prejudice. *Id.* Plaintiff Kristeen Brooke Adams, proceeding *pro se*, filed objections to the Report and Recommendation. Docket No. 88. Defendants filed a response to Plaintiff's objections. Docket No. 89. The Court has conducted a *de novo* review of the Magistrate Judge's findings and conclusions and is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

## BACKGROUND

On March 1, 2022, Plaintiff Kristeen Adams was pulled over by the Winnsboro Police Department for a traffic violation. Docket No. 53-1 at 1. After smelling marijuana in Plaintiff's car, the officer conducting the stop performed a search of the vehicle and recovered a glass pipe

with white residue, pills suspected to be MDMA, several marijuana "roaches," rolling papers, a pipe commonly used to smoke marijuana, some loose "shake" (i.e., a green leafy residue of marijuana), and pills suspected of containing sildenafil, which is the generic name for Viagra®. *Id.* at 1–2.

Initially, Plaintiff was transported to the Winnsboro Police Department for book-in, but she was subsequently transferred to the Franklin County Jail. *Id.* at 2. In Franklin County, a county attorney prosecutes misdemeanors in county court, whereas a district attorney prosecutes felonies in district court. Docket No. 53-19 at 1. Plaintiff was indicted in district court for the felony of possession of a controlled substance. Docket No. 53-3. On July 15, 2022, Plaintiff entered a guilty plea by which the felony charge was reduced to a class A misdemeanor. Docket No. 53-7. However, in the Franklin County Court, misdemeanor charges were lodged soon thereafter regarding the same traffic stop. On July 21, 2022, County Attorney Landon Ramsay filed a criminal complaint and information in county court, charging Plaintiff with misdemeanor possession of a dangerous drug based on her conduct during the March 1, 2022 traffic stop. Docket No. 53-8. The court issued a notice of an arraignment hearing to Plaintiff regarding that complaint on July 22, 2022. Docket No. 53-9. Because Plaintiff failed to appear for the arraignment hearing, the court issued a capias instanter for failure to appear and set the bond at $10,000. Docket No. 53-10.

Nearly two years later, on May 1, 2024, the Tyler Police Department arrested Plaintiff pursuant to the capias warrant during a traffic stop in Tyler, Texas. Docket No. 53-11; Docket No. 53-20 at 1–2. The next day, Plaintiff was transferred to the Franklin County Jail. Docket No. 53-12. On May 8, 2024, Franklin County released Plaintiff on a surety bond. Docket No. 53-14 at 1. On October 22, 2024, the misdemeanor charges against Plaintiff were dismissed at the

request of County Attorney Ramsay. Docket No. 53-16. Sheriff Jones avers that he played no role in Plaintiff's 2024 arrest or confinement. Docket No. 53-20 at 1–2.

On May 21, 2024, Plaintiff, proceeding *pro se*, filed the present action against Defendants Franklin County, Judge Scott Lee, County Attorney Landon Ramsay, and Sheriff Ricky Jones. Docket No. 1. Subsequently, the Court dismissed without prejudice Plaintiff's claims against Defendant Franklin County for failure to effect service of process. Docket No. 15 at 5. And thereafter, Plaintiff amended her complaint, removing Franklin County as a defendant. Docket No. 16. In her amended complaint, Plaintiff alleges that Defendants Judge Lee, County Attorney Ramsay, and Sheriff Jones (collectively, "Defendants"), in their individual and official capacities, are liable pursuant to 42 U.S.C. § 1983 for false arrest, denial of due process, and excessive bond. *See id.* at 2–5.

On September 12, 2025, the undersigned adopted the August 26, 2025 Report and Recommendation (Docket No. 76), granted Defendants' first motion for summary judgment based on immunity grounds (Docket No. 53), and dismissed Plaintiff's claims against Defendants in their individual capacities with prejudice. *See* Docket No. 81 at 2. Among other findings and conclusions, the August 26, 2025 Report and Recommendation determined that Defendant Judge Lee had jurisdiction to issue the failure to appear warrant pursuant to which Plaintiff was arrested. Docket No. 76 at 11–14. Relying on the same summary judgment evidence, Defendants filed their second motion for summary judgment regarding Plaintiff's official capacity claims, arguing that there cannot be liability under § 1983 absent an underlying constitutional violation. Docket No. 78.

On September 24, 2025, Plaintiff filed a response to Defendants' second motion for summary judgment. Docket No. 86. Plaintiff submitted no evidence with her response. According

to Plaintiff, Franklin County's "institutional," unconstitutional practices support her "official capacity claims under *Monell*." *Id.* at 1, 3.

On September 26, 2025, the Magistrate Judge issued a report and recommendation, recommending that Plaintiff's official capacity claims be dismissed. Docket No. 87 at 12. In particular, the report and recommendation concluded that (1) Defendants could not be liable in their official capacities because the Court already determined that they would not be liable in their individual capacities; and (2) Plaintiff failed to adduce sufficient evidence to raise a genuine issue of material fact that Defendants oversaw or implemented a policy, custom, or practice of constitutional violations. *Id.* at 7–12. Plaintiff filed timely objections to the Report and Recommendation, and Defendants filed a response to these objections. Docket Nos. 88, 89.

## ANALYSIS

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report . . . to which objection is made." "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Winding v. Mississippi*, No. 4:25-CV-117-DMB-JMV, 2025 WL 2176516, at *1 (N.D. Miss. July 31, 2025) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). At the outset, the Court notes that Plaintiff fails to specifically object to any findings or conclusions in the Report and Recommendation.[1] The objections also exceed the

---

[1] Plaintiff was advised that "[i]n order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found." *See* Docket No. 87 at 12–13. Plaintiff's objections do not particularly reference any portion of the September 26, 2025 Report and Recommendation.

page limit set forth in the local rules.[2] Even so, the Court considers the objections and finds them without merit.

I.     **Jurisdiction to Issue Warrant**

Plaintiff objects to the Report and Recommendation on the basis that the Franklin County Court lacked jurisdiction to issue the warrant pursuant to which Plaintiff was arrested in 2024. Docket No. 88 at 3–9. However, in granting Defendants' first motion for summary judgment, the Court adopted the Magistrate Judge's conclusion that the county court had jurisdiction to issue the warrant. Docket No. 81 at 2; Docket No. 76 at 11–14. Plaintiff has not filed a separate motion requesting the Court to reconsider its prior ruling, and requesting such relief in her objections is improper. Even were the Court to construe this argument in Plaintiff's objections as a motion for reconsideration, Plaintiff fails to show that reconsideration is warranted.

Federal Rule of Civil Procedure 54(b) provides that interlocutory orders may be "revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." To prevail on a motion for reconsideration under Rule 54(b), the moving party must show: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Frew v. Wilson*, No. 3:93-CV-65-RWS, 2020 WL 8994102, at *3 (E.D. Tex. July 23, 2020) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). A motion for reconsideration, however, "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the [order]." *John Crane Grp. Corp. v. Energy*

---

[2] Plaintiff's objections, which consist of 23 pages of text and 28 pages of exhibits, exceed the limit of eight pages allowed by Local Rule CV-72(c). Docket No. 88. No motion to exceed the page limits was filed.

*Devices of Tex., Inc.*, No. 6:14-CV-178-MHS-KNM, 2015 WL 11112540, at *1 (E.D. Tex. Oct. 30, 2015) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

Plaintiff does not argue that any of the preconditions for Rule 54(b) relief are met. Although she may have filed new evidence with her motion, she does not argue that such evidence was not previously available. She also fails to demonstrate that the Court's prior order adopting the August 26, 2025 Report and Recommendation amounted to clear error or that manifest injustice would result if the Court did not reverse course.

The Court will briefly explain why each of Plaintiff's arguments fails to establish that the Court's prior order was clearly erroneous. First, according to Plaintiff, the district court assumed jurisdiction of all charges relating to her 2022 arrest, so the county court did not have jurisdiction to issue the failure to appear warrant. Docket No. 88 at 4. The only evidence that Plaintiff adduces in support of this premise is that the district court determined that bond was set sufficient to cover all cases arising out of the March 1, 2022 arrest, including her misdemeanor possession of a dangerous drug charge. Docket No. 88-1 (Ex. FC-168) at 12. Plaintiff offers no evidence or authority to explain why such a consideration would divest the county court of jurisdiction over the misdemeanor charge, let alone why the Court clearly erred in determining that the county court had jurisdiction.[3]

Second, Plaintiff maintains that the county court lacked jurisdiction to issue the warrant because felony jurisdiction lies exclusively with the district court. Docket No. 88 at 7. In doing so,

---

[3] Plaintiff also argues, citing Texas Code of Criminal Procedure § 4.05, that "all felonies and any misdemeanors arising from the same incident" must be filed in the state district court. Docket No. 88 at 4. However, § 4.05 only explains that "[d]istrict courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and of misdemeanor cases transferred to the district court under Article 4.17 of this code." TEX. CODE CRIM. P. § 4.05.

Plaintiff appears to argue that the criminal complaint against her in county court actually charged her with a felony, rather than a misdemeanor. Docket No. 86 at 2 (making a similar argument). The criminal complaint charged Plaintiff with "intentionally possess[ing] a dangerous drug without obtaining the substance from a pharmacist acting in the manner described by Section *483.042*(a)(1) of the Texas Health and Safety Code or a practitioner acting in the manner described by Section *483.042*(a)(2) of the Texas Health and Safety Code." Docket No. 88-1 (Ex. FC-326) at 15 (emphasis added). The heading of the criminal complaint states that the complaint is for "[p]ossession of [d]angerous [d]rug" under "Code Sec. *483.041*." *Id.* (emphasis added). Texas Health and Safety Code § *483.041* bars possession of a dangerous drug, which is a misdemeanor under Texas law. TEX. HEALTH & SAFETY CODE § 483.041(a, d). However, offenses under Texas Health and Safety Code § *483.042*, which involve delivery or an offer to deliver dangerous drugs, are "jail felon[ies]" under Texas law. TEX. HEALTH & SAFETY CODE § 483.042(a, d).

Although the criminal complaint cites § 483.042, it only explicitly refers to "intentional possess[ion] of a dangerous drug." Docket No. 88-1 (Ex. FC-326) at 15. The complaint does not mention delivering dangerous drugs. Accordingly, the criminal complaint appears to have intended to charge Plaintiff with possession of a dangerous drug under § 483.041, and the reference to § 483.042 seems to have been a clerical error. Under such circumstances, the Court is not convinced that Plaintiff has shown that the Court's determination that Judge Lee had jurisdiction to issue the failure to appear warrant was clearly erroneous.

Third, Plaintiff posits that "[n]o probable cause was established by a sworn complaint prior to issuance of the warrant, in violation of Tex. Code Crim. Proc. Arts. 15.03–15.04 and the Fourth Amendment." Docket No. 88 at 6 (emphasis removed). As a threshold matter, "violation of state

law alone does not give rise to a cause of action under § 1983;" rather, Plaintiff must premise her cause of action under § 1983 on a deprivation of federal rights. *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982); *Cuvillier v. Taylor*, 503 F.3d 397, 402–03 (5th Cir. 2007). In any event, Defendants submitted uncontroverted evidence that probable cause was established by a sworn affidavit prior to the issuance of the failure to appear warrant. Docket No. 78-8 (Ex. H) at 1; Docket No. 78-10 (Ex. J) at 1. Plaintiff submits no evidence or argument establishing either that the August 26, 2025 Report and Recommendation clearly erred in determining that Defendants did not violate Plaintiff's constitutional rights or that each Defendant was immune from any cognizable constitutional violation. Docket No. 76 at 9–19.

Fourth, Plaintiff maintains that "[n]o lawful promise to appear was ever made, rendering Tex. Penal Code § 38.10 inapplicable." Docket No. 88 at 6 (emphasis removed). However, Texas Penal Code § 38.10 outlines offenses for failure to appear after a defendant is released on bond. Section 38.10 does not define when a county court may issue a warrant after a defendant has failed to appear after being issued a summons. And anyways, a violation of state law cannot alone provide a basis for § 1983 relief. *Williams*, 671 F.2d at 900.

Fifth, Plaintiff argues that "[t]he warrant was never executed or returned by the arresting officer as required by Tex. Crim. Proc. Art. 15.99; instead, it was signed by an unauthorized Franklin County employee." Docket No. 88 at 6 (emphasis removed). Plaintiff's argument is misguided. Texas Code of Criminal Procedure § 15.99 does not exist. And again, violations of state law do not independently give rise to § 1983 liability. *Williams*, 671 F.2d at 900.

Sixth, Plaintiff raises several other pieces of evidence as purporting to support her case, but she discusses that evidence in only a conclusory manner and fails to connect the facts purportedly demonstrated by that evidence to the issue at hand. *See, e.g.*, Docket No. 88 at 7.

In conclusion, Plaintiff identifies no authority or evidence that establishes that the Court committed clear error in holding that the county court had jurisdiction to issue the failure to appear warrant.

## II.     Malicious Prosecution

In Plaintiff's second objection, she contends that she has a viable malicious prosecution claim. Docket No. 88 at 9–11. This is the first time that Plaintiff has mentioned malicious prosecution in her briefing, and the words "malicious prosecution" do not appear in her operative complaint. "[I]ssues raised for the first time in objections to a Report and Recommendation are not properly before the Court." *Stangel v. Sparkman*, No. CIV.A. 6:07-CV-317, 2007 WL 2725382, at *1 (E.D. Tex. Sept. 18, 2007) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 n.5 (5th Cir.1994)). However, even were the Court to consider Plaintiff's arguments, they lack merit.

The Court's prior order dismissed all of Plaintiff's claims against Defendants in their individual capacities, and the Court also held that Plaintiff had not raised a genuine issue of material fact that she was unlawfully arrested. Docket No. 81 at 2; Docket No. 76 at 11–14. Notably, under Fifth Circuit law, a required element of a malicious prosecution claim brought as a constitutional tort under § 1983 is that a plaintiff must have been subject to an unreasonable Fourth Amendment seizure, such as an unlawful arrest. *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023). Accordingly, Plaintiff must show "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice" to justify reversing the prior order's determination that Plaintiff had no viable constitutional claims and that Plaintiff was not subject to an unreasonable seizure. *Frew*, 2020 WL 8994102, at *3. Again, she does not argue that either prongs (1) or (2) are applicable, and she does not demonstrate that the Court's prior order amounted to clear error or that manifest injustice would result if the Court did not reverse course.

Plaintiff's second objection rehashes many of the same arguments applicable to her first objection, which the Court addressed above. *See supra* at Section I. The Court will briefly dispatch her arguments.

First, Plaintiff alleges that she received defective notice of the August 23, 2022 hearing that resulted in the issuance of the failure to appear warrant. Docket No. 88 at 11. Although Plaintiff fails to connect the dots, such an alleged omission may be relevant to whether her arrest was lawful. Plaintiff puts forth evidence purporting to show that the envelope that her summons was sent in lacked a zip code, was returned as undeliverable on the date of the hearing, and was not returned to the county court until August 26, 2022, which was one day after the magistrate judge signed the failure to appear warrant. *Id.*; Docket No. 88-1 (Ex. FC-264) at 17. Plaintiff does not challenge that the envelope displays her address. Although Plaintiff argues that the envelope did not provide a zip code with her address, where the zip code would have been written appears to be covered up by the return to sender sticker placed on the envelope. Docket No. 88-1 (Ex. FC-264) at 17.

Considering this evidence, Plaintiff fails to show that the Court clearly erred in determining that Defendants were immune from the constitutional violations that she alleged. Plaintiff does not provide evidence that any of the Defendants, besides Judge Lee, could have been responsible for her not receiving notice of the hearing. As the Magistrate Judge noted in his August 26, 2025 Report and Recommendation, as a jurist, Judge Lee enjoys absolute immunity "unless the challenged action was not taken in the judge's judicial capacity or was taken in the complete absence of all jurisdiction." Docket No. 76 at 9–10 (citing *Reynolds v. Rhodes*, No. 9:20-CV-56, 2022 WL 18283191, at *2 (E.D. Tex. Nov. 7, 2022), *report and recommendation adopted*, No. 9:20-CV-56 (E.D. Tex. Jan. 12, 2023)). Viewing the evidence in the light most favorable to

Plaintiff, a reasonable jury could conclude that Plaintiff did not receive adequate notice of the hearing, but she does not provide any evidence that Judge Lee had knowledge that she had not received such notice before issuing the failure to appear warrant. Docket No. 88-1 (Ex. FC-264) at 17; Docket No. 88-1 (Ex. FC-265) at 19. In such circumstances, Plaintiff fails to raise a genuine issue of material fact that Judge Lee's challenged action "was taken in the complete absence of all jurisdiction." Docket No. 76 at 9–10. Accordingly, Plaintiff does not show that the Court clearly erred in determining that Judge Lee was entitled to judicial immunity. *Id.* at 14.

Second, she identifies several procedural irregularities in the criminal complaints that initiated the proceedings in the county court. Docket No. 88 at 11. But none of these irregularities disturb the Court's conclusion that Defendants are immune from any cognizable constitutional violation.

Third, Plaintiff raises certain alleged irregularities in how the warrant was issued. Docket No. 88 at 11–12. But Plaintiff fails to connect the evidence raised to the facts material to her alleged malicious prosecution claim.

### III. Denial of Due Process

In Plaintiff's third objection, she argues that her case should not be dismissed because she has a viable claim for denial of due process.[4] Docket No. 88 at 13–15. Again, the Court does not decide Plaintiff's objections on a blank slate. The Court's prior order already granted summary judgment against Plaintiff's claims that Defendants, in their individual capacities, violated her Fourteenth Amendment rights. Docket No. 81 at 2; Docket No. 76 at 11–19. Because Plaintiff does

---

[4] Parts of Plaintiff's denial of due process objections appear to challenge the felony drug charges that she entered a plea agreement to in the state district court. However, any claim challenging the validity of her conviction is barred under *Heck v. Humphrey*. 512 U.S. 477, 486–87 (1994). Such a conviction must be "reversed on direct appeal, expunged by executive order, declared invalid," or "called into question by . . . issuance of a writ of habeas corpus" before Plaintiff can sue for § 1983 relief. *Id.*

not allege that she is bringing forth evidence that was previously unavailable and she does not argue that there has been a change in intervening law, she must show that the Court's prior order on this score was clearly erroneous or that manifest injustice would result if the Court did not change course—a burden that she cannot meet. *Frew*, 2020 WL 8994102, at *3.

The Court briefly considers each of Plaintiff's arguments as to why she has a viable due process claim.

First, Plaintiff argues that the prosecution concealed exculpatory evidence from her. Docket No. 88 at 14. However, Plaintiff does not adequately explain how any of the evidence that she identifies is exculpatory. *Id.*; Docket No. 88-1 (Ex. M1) at 21; *id.* (Ex. M2) at 22; *id.* (Ex. M3) at 23; *id.* (Ex. M4) at 24. The exhibits that Plaintiff adduces merely provide lab analysis of different suspected drugs and drug paraphernalia that were recovered when she was pulled over in March 2022. Docket No. 88-1 (Ex. M1) at 21; *id.* (Ex. M2) at 22; *id.* (Ex. M3) at 23; *id.* (Ex. M4) at 24. Each of the tests showed that methamphetamine was identified in the drugs that were tested. Without any kind of suggestion from Plaintiff, the Court will not speculate on why this evidence might be construed to be exculpatory. Plaintiff fails to show that the Court's prior order was clearly erroneous on this basis.

Second, Plaintiff argues that certain exhibits show inconsistencies, "including the absence of the 2024 FTA arrest entry." Docket No. 88 at 14 (citing Docket No. 88-1 (Ex. L1) at 5; *id.* (Ex. L2) at 6; *id.* (Ex. L3) at 20). The Court has reviewed the relevant exhibits and concludes that it is unclear from the objections how any purported inconsistency bears on the viability of Plaintiff's denial of due process claim.

Third, Plaintiff claims that the failure by the county court to provide notice to her of the criminal misdemeanor complaint violated her due process rights. Docket No. 88 at 14. Again,

Judge Lee is the only Defendant who is implicated by this alleged omission. And Plaintiff does not adequately demonstrate that the Court committed clear error in determining that Judge Lee was absolutely immune from Plaintiff's claims on this basis. *See supra* at Section II.

Fourth, Plaintiff contends that "[t]he County Attorney pursued charges despite knowledge of exculpatory evidence and jurisdictional defects, violating Tex. Code Crim. Proc. Art. 2.01." Docket No. 88 at 14–15. Plaintiff produces no evidence that County Attorney Ramsay had knowledge of exculpatory evidence or jurisdictional defects. Docket No. 88 at 14. In addition, Plaintiff has failed to adduce any exculpatory evidence, *see supra* at 12, and the Court already rejected Plaintiff's arguments that the county court lacked jurisdiction in issuing the warrant. *See supra* at Section I.

## IV.    Excessive Bond

Plaintiff's fourth objection is that she was subject to excessive bond in violation of the Eighth Amendment and Texas Code of Criminal Procedure § 17.15. Docket No. 88 at 15–17. Plaintiff also alleges that "officials engaged in official oppression under Tex. Penal Code § 39.03" by setting excessive bail. *Id.* at 17. Again, as with Plaintiff's first three objections, the Court already decided that Defendants in their individual capacities were immune from such claims. *See supra* Sections I–III. Accordingly, in the absence of intervening law or newly discovered evidence, Plaintiff must show that that determination constituted clear error or that manifest injustice would result if the Court did not reverse course. Plaintiff again fails in this endeavor.

Under the Eighth Amendment, bail is excessive when it is "set in an amount greater than that required for reasonable assurance of the presence of the defendant." *United States v. McConnell*, 842 F.2d 105, 107 (5th Cir. 1988). However, "a bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement." *Id.*

Her, Plaintiff fails to show that the Court clearly erred in concluding that Defendants were immune from any such liability. Plaintiff adduces evidence that she was subject to a bail of $10,000 as a result of her arrest pursuant to the failure to appear warrant. Docket No. 88 at 117 (citing Docket No. 88-1 (Ex. F) at 26). Plaintiff does not submit any evidence that Defendant Sheriff Jones was responsible for setting this bail amount. Defendant County Attorney Ramsay enjoys prosecutorial immunity "from civil rights claims for actions taken in the scope of [his] duties in initiating a prosecution and presenting the state's case." *Valle v. Morton*, No. CV H-24-2889, 2025 WL 1685240, at *4 (S.D. Tex. June 16, 2025). Whereas Defendant Judge Lee is entitled to absolute judicial immunity "unless the challenged action was not taken in the judge's judicial capacity or was taken in the complete absence of all jurisdiction." Docket No. 76 at 9–10. To the extent that either was involved in setting a bond amount for Plaintiff, Plaintiff has not provided any evidence that Defendant County Attorney Ramsay acted outside of his prosecutorial duties or that Defendant Judge Lee set bond in the absence of all jurisdiction. Accordingly, the Court determines that it did not clearly err in holding that Defendant County Attorney Ramsay and Defendant Judge Lee were not liable under § 1983 because they were each respectively shielded by prosecutorial immunity and absolute judicial immunity. *See* Docket No. 81 at 2; Docket No. 76 at 2, 9–19.

Plaintiff's arguments that Defendants violated Texas Code of Criminal Procedure §§ 17.15 and 39.03 are similarly inapposite. Plaintiff can only premise a § 1983 claim on deprivation of federal rights; she cannot sue on the violation of state statutes alone. *Cuvillier*, 503 F.3d at 402–03.

V.  **Municipal Liability Under *Monell***

In Plaintiff's fifth objection, she argues that municipal liability obtains under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978). Docket No. 88 at 17–18. In resolving this objection, the Court will apply *de novo* review of the Report and Recommendation (Docket

No. 87) as the Court's prior order (Docket No. 81) did not resolve whether municipal liability was applicable. 28 U.S.C. § 636(b)(1).

To establish liability under *Monell*, a plaintiff must show "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." *Ford v. Anderson Cnty.*, 102 F.4th 292, 319 (5th Cir. 2024) (quoting *Newbury v. City of Windcrest*, 991 F.3d 672, 680 (5th Cir. 2021)). "Generally, a plaintiff must show that the policy was implemented with 'deliberate indifference' to the 'known or obvious consequences' that a constitutional violation would result." *Id.* at 319–20 (quoting *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018)). To prove deliberate indifference, a plaintiff must generally demonstrate that "a policy caused a pattern of constitutional violations." *Id.* at 320. "[A] single decision by a policy maker may, under certain circumstances, constitute a policy for which a [municipality] may be liable." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010) (quoting *Brown v. Bryan County*, 219 F.3d 450, 462 (5th Cir. 2000)). But a "single incident" may "give[] rise to municipal liability only if the municipal actor is a final policymaker." *Id.* In addition, "proving deliberate indifference based on a single incident requires showing that the injury suffered was a 'highly predictable' consequence of the policy." *Ford*, 102 F.4th at 320 (quoting *Valle*, 613 F.3d at 547, 549).

Plaintiff's evidence is insufficient to raise a genuine issue of material fact under *Monell*. Plaintiff purports to submit evidence demonstrating a policy, custom, and/or practice of: (1) jurisdictional overreach; (2) defective warrants; (3) suppression of exculpatory evidence; (4) improper and untimely criminal complaints; (5) excessive bond; and (6) failure to provide lawful

notice.[5] Docket No. 88 at 19–20. The principal problem with these theories is that Plaintiff does not provide sufficient evidence for a reasonable jury to conclude that any such policy, practice, or custom exists. For each alleged policy, practice, or custom, Plaintiff only points to a single example of her constitutional rights allegedly being violated as a result of such policies. Under such circumstances, Plaintiff fails to show that her rights were violated "pursuant to 'official policy,' which may include 'duly promulgated policy statements, ordinances or regulations,' or 'a persistent, widespread practice of [municipal] officials or employees, which . . . is so common and well-settled as to constitute a custom that fairly represents municipal policy.' " *Ford*, 102 F.4th at 322 (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001)); *Piotrowski*, 237 F.3d at 578 (explaining that "isolated unconstitutional actions by municipal employees will almost never trigger liability"). Accordingly, Plaintiff's case fails at the first *Monell* prong. *Id.* at 319.

Even assuming that Plaintiff did sufficiently establish the existence of a policy, custom, or practice, her case would nevertheless fail. The Court addresses each of Plaintiff's theories in turn under such an assumption.

First, the Court has already determined that the Franklin County Court and Defendant County Attorney Ramsay did not engage in jurisdictional overreach in issuing warrants related to Plaintiff's case, so the first alleged practice cannot provide a basis for *Monell* liability. *See supra* Section I.

Second, Plaintiff's evidence fails to raise a genuine issue of material fact that Defendants were deliberately indifferent to any procedural irregularities in the warrants that were issued to

---

[5] Plaintiff argues for the first time in objection to the Report and Recommendation that there was a practice of (1) improper and untimely criminal complaints, and (2) failure to provide lawful notice. Accordingly, these arguments are waived. *Stangel*, 2007 WL 2725382, at *1. However, the Court nevertheless considers the merits of these arguments.

her. Docket No. 88 at 19. Plaintiff argues that certain exhibits "show a warrant filed before it was signed, and signed days after the hearing." *Id.* In doing so, Plaintiff appears to take issue with the fact that a document dated August 23, 2022, which included an affidavit of the bailiff and an "Order Issuing Capias Instanter for Failure to Appear," preceded the failure to appear warrant dated August 25, 2022. *See* Docket No. 88-1 (Ex. FC-266) at 18; *id.* (Ex. FC-265) at 19. Plaintiff also argues that the warrant return was "signed by an unauthorized Franklin County officer, not the arresting officer." Docket No. 88 at 19. Plaintiff does not adduce sufficient evidence that any of these irregularities were a "moving force" that caused any of her alleged constitutional deprivations. *Ford*, 102 F.4th at 319 (quoting *Newbury*, 991 F.3d at 680). A reasonable jury could not conclude on the basis of such evidence that Defendants were deliberately indifferent such that an obvious or known result of these procedural irregularities would have been constitutional violations of the type allegedly suffered by Plaintiff. *Id.* at 319–20.

Third, Plaintiff has not adequately identified any exculpatory evidence that was concealed from her, so she fails to raise a genuine issue of material fact regarding any alleged policy, practice, or custom to suppress such evidence. Docket No. 88 at 19–20; *see supra* Section III.

Fourth, Plaintiff's evidence fails to raise a genuine issue of material fact that Defendants were deliberately indifferent to a practice of filing improper or untimely criminal complaints. Docket No. 88 at 20. County Attorney Ramsay filed the criminal complaint in Franklin County Court, charging Plaintiff with intentional possession of a dangerous drug, on July 21, 2022. Docket No. 88-1 (Ex. FC-326) at 15; *id.* (Ex. FC-327) at 16. In lodging this objection, Plaintiff appears to argue that it was improper for County Attorney Ramsay to file such a complaint nearly a month after the complainant, an officer who had personal knowledge of Plaintiff's criminal conduct, signed it. *Id.* (Ex. FC-326) at 15; *id.* (Ex. FC-327) at 16. Plaintiff does not adequately demonstrate

that there was a pattern of such violations; she only presents evidence related to one instance of such conduct taking place. *Ford*, 102 F.4th at 320. Moreover, Plaintiff does not meet the more exacting standard to show "deliberate indifference based on a single incident." *Id.* First, by filing a single complaint, County Attorney Ramsay certainly did not act as a final policymaker. *Cf. Valle*, 613 F.3d at 542–44 (holding that a police captain did not exercise "final policymaker" authority by deciding to arrest an individual because in doing so the captain was not "setting City policy regarding the making of arrests"). Second, Plaintiff's evidence does not raise a genuine issue of material fact that constitutional violations would be "a 'highly predictable' consequence of" a county attorney filing criminal complaints a month after the complainant signed them. *Id.*

Fifth, Plaintiff does not raise a genuine issue of material fact that Defendants were deliberately indifferent to a practice of setting excessive bond. Docket No. 88 at 20. Plaintiff only adduces evidence of the single instance in which she was allegedly subject to excessive bond, so a reasonable jury could not conclude on such evidence that there was a pattern of setting excessive bond. *Id.* Moreover, under the "single incident exception" Plaintiff does not provide any evidence that Judge Lee acted as a "final policymaker" in setting a bond amount for a single criminal defendant. *Cf. Valle*, 613 F.3d at 542–44. Thus, Plaintiff does not raise a genuine issue of material fact that Defendants are subject to *Monell* liability on the basis of such a theory. *Ford*, 102 F.4th at 319.

Sixth, Plaintiff's failure to provide lawful notice theory is similarly inapposite. Docket No. 88 at 20. Again, Plaintiff fails to demonstrate that there is sufficient evidence of a pattern because she only provides evidence related to a single incident. *Id.* Further, Plaintiff adduces insufficient evidence to prove "deliberate indifference based on a single incident." *Ford*, 102 F.4th at 320. As a threshold matter, Plaintiff does not provide any evidence that the alleged omissions

can be attributed to Defendants County Attorney Ramsay or Sheriff Jones. And, viewing the facts in the light most favorable to Plaintiff, Plaintiff only identifies two omissions that could have contributed to her allegedly not receiving timely notice: (1) that the notice of the arraignment hearing was sent late, and (2) that the envelope that the notice was sent in did not include her zip code on the address line. Docket No. 88 at 20. In any event, such a single incident cannot provide a basis for liability because Defendant Judge Lee did not exercise "final policymaker" authority by failing to prevent such omissions from occurring. *Cf. Valle*, 613 F.3d at 542–44.

## VI.     Remedies

Plaintiff's sixth objection appears to seek to broaden the remedies that she seeks in this case. Docket No. 88 at 21–22. In addition to compensatory damages, Plaintiff now demands: (1) punitive damages; (2) declaratory and injunctive relief; (3) referral of Defendants for criminal investigation; and (4) attorneys' fees and costs. *Id.* Generally, the additional relief that Plaintiff seeks does not have a bearing on the viability of her official capacity claims. To the extent that Plaintiff's objections could be construed to argue that liability for injunctive relief could attach under the *Ex parte Young*[6] doctrine where it might not be viable under § 1983, the Court concludes that Plaintiff has waived this argument. Plaintiff's operative complaint does not suggest that she is seeking injunctive relief, let alone that she is seeking such relief under *Ex parte Young*. Docket No. 16. Further, Plaintiff did not mention *Ex parte Young* or that she is seeking injunctive relief in her briefs filed in response to Defendants' summary judgment motions. Because Plaintiff raises these arguments for the first time in her objections and she does not seek such relief in her operative complaint, these arguments are waived. *Stangel*, 2007 WL 2725382, at *1.

---

[6] 209 U.S. 123 (1908).

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (explaining that the district judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Therefore, the Court hereby **ADOPTS** the September 26, 2025 Report and Recommendation of the United States Magistrate Judge (Docket No. 87) as the findings and conclusions of this Court. Accordingly, it is

**ORDERED** that Defendants' Motion for Summary Judgment Addressing Plaintiff's Official Capacity Claims (Docket No. 78) is **GRANTED**, and Plaintiff's objections are **OVERRULED**. It is further

**ORDERED** that Plaintiff's claims against Defendants in their official capacities are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 7th day of November, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE